10922

STATE v. DODGENS *ET AL.*

(113 S. E. 77)

WITNESSES—REFUSAL OF BENCH WARRANT FOR DEFENDANT'S WITNESSES DULY SUBPOENAED HELD ERROR.—Where defendant's witnesses, who had been duly subpoenaed, left the Court without defendant's knowledge or consent, the refusal of the Court to issue a bench warrant to secure their presence and to postpone the trial until they could be present, on the sole ground that there would not be time to procure their presence before the adjournment of the term, was a denial of the right of accused under Const. Art. 1, § 18, to have compulsory process for obtaining witnesses in his behalf, and a new trial will be awarded for such refusal, where the testimony of the absent witnesses was material to the defense.

Before TOWNSEND, J., Oconee, March, 1922. Reversed.

Dover Dodgens and John Cash convicted of violation of the prohibition laws and appeal.

*Messrs. Hughes & Watson,* for appellants, cite: *Accused entitled to compulsory process to procure witnesses in his favor:* Const. 1895, Art. 1, Sec. 18; 78 S. C., 264; 88 S. C., 98; 93 S. C., 412.

*Mr. Leon W. Harris, Solicitor,* for respondent.

July 5, 1922.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The record contains the following statement of the facts:

"This prosecution was commenced under an indictment, regular in form, charging the defendants, Dover Dodgens

and John. Cash, with violation of the prohibition laws of the State on four counts. The Solicitor abandoned all counts except the first, which charged unlawful manufacture of intoxicating liquors.

"On motion of defendant's attorneys, the proceeding was continued from the November, 1921, term of Court for Oconee County, until the March term for 1922. It was called for trial on the third day of the term, which was Wednesday.

"On Tuesday night the witnesses for the defense, who had been duly subpoenaed, left for home and failed to return Wednesday morning, without the knowledge or consent of the defendants, or the permission of the Court. Upon the call of the case, counsel for the defense, learning of the absence of the witnesses, asked that the case be carried over, and that a bench warrant be issued for the witnesses, for the purpose of bringing them into Court to testify in behalf of the defendants. This was refused by the Court, and a jury empaneled.

"Before the jury was sworn, counsel for the defense submitted affidavits, regular in form, as to the materiality of the testimony of the absent witnesses, what they would swear if present, etc. (which the Solicitor agreed to admit), and again asked that a bench warrant be issued for the witnesses. This was refused by the Court on the ground that the Court would adjourn *sine die* that day, there would not be sufficient time to bring the witnesses into Court. Counsel for the defense then entered formal motion for a continuance of the case beyond the term, on the ground that the Court had refused the bench warrant for defendants' witnesses, and they were entitled to compulsory process for procuring witnesses in their behalf. This motion was also refused by the Court.

"The defense interposed by the defendants was an alibi.
\*   \*   \*

"The defense offered the above-recited affidavits in evidence, and no other testimony, all their witnesses, four in number, being absent, defendants not testifying in their own behalf.

"The jury returned a verdict of guilty, whereupon counsel for the defense moved for a new trial upon the following grounds, to wit: First, because the Court was in error in refusing to issue a bench warrant for the absent witnesses, they having been in the custody of the Court, and it being incumbent upon the State to hold them here. Second, the Court having refused to issue the bench warrant, the Court was in error in refusing to continue the case beyond the term.

"There were other grounds, but are not made a part of the case on appeal, having been abandoned by the appellant as being without merit.

"The motion for a new trial was refused, and the defendants each sentenced to six months. Notice of intention to appeal was duly served, and the defendants released on bond."

The motions of the appellants were refused, on the sole ground that the Court would adjourn *sine die,* on the day the witnesses failed to appear, and there would not be sufficient time to bring them into Court. It was not shown that the defendants were at fault in any manner whatsoever; and the testimony of their witnesses was material in their behalf. Section 18, Art. 1, of the Constitution, provides that, in all criminal cases, the accused shall have compulsory process for obtaining witnesses in his behalf. This right was denied the defendants.

New trial.